**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of _____
                                    (State)

Case number (*If known*): _____ Chapter _____

☐ Check if this is an
   amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy          12/15

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.**

1. **Debtor's name**  _____

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

   _____
   _____
   _____
   _____
   _____

3. **Debtor's federal Employer Identification Number** (EIN)    __ __ – __ __ __ __ __ __ __

4. **Debtor's address**

   | Principal place of business | Mailing address, if different from principal place of business |
   |---|---|
   | _____ | _____ |
   | Number          Street | Number          Street |
   | | _____ |
   | | P.O. Box |
   | _____ | _____ |
   | City          State     ZIP Code | City          State     ZIP Code |
   | | **Location of principal assets, if different from principal place of business** |
   | _____ | _____ |
   | County | Number          Street |
   | | _____ |
   | | _____ |
   | | City          State     ZIP Code |

5. **Debtor's website** (URL)  _____

6. **Type of debtor**

   ☐ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

   ☐ Partnership (excluding  LLP)

   ☐ Other. Specify: _____

Debtor _____    Case number *(if known)*_____
      Name

---

**7.** **Describe debtor's business**

A. *Check one:*

❑ Health Care Business (as defined in 11 U.S.C. § 101(27A))

❑ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

❑ Railroad (as defined in 11 U.S.C. § 101(44))

❑ Stockbroker (as defined in 11 U.S.C. § 101(53A))

❑ Commodity Broker (as defined in 11 U.S.C. § 101(6))

❑ Clearing Bank (as defined in 11 U.S.C. § 781(3))

❑ None of the above

B. *Check all that apply:*

❑ Tax-exempt entity (as described in 26 U.S.C. § 501)

❑ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

❑ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

___ ___ ___ ___

---

**8.** **Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

❑ Chapter 7

❑ Chapter 9

❑ Chapter 11. *Check all that apply*:

    ❑ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (amount subject to adjustment on 4/01/16 and every 3 years after that).

    ❑ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ❑ A plan is being filed with this petition.

    ❑ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ❑ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ❑ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

❑ Chapter 12

---

**9.** **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

❑ No

❑ Yes.  District _____  When _____  Case number _____
                                          MM / DD / YYYY

            District _____  When _____  Case number _____
                                            MM / DD / YYYY

---

**10.** **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

❑ No

❑ Yes.  Debtor _____  Relationship _____

           District _____  When _____
                                         MM / DD / YYYY

           Case number, if known _____

---

Debtor _____        Case number (*if known*)_____
         Name

---

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☐ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**_____
                              Number          Street

_____

_____
City                                              State        ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

■ **Statistical and administrative information**

---

**13. Debtor's estimation of available funds**

*Check one:*

☐ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors**

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

---

**15. Estimated assets**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

---

Debtor _____    Case number (*if known*)_____
         Name

| | |
|---|---|

**16. Estimated liabilities**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

---

### Request for Relief, Declaration, and Signatures

**WARNING** --  Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  _____
             MM   / DD / YYYY

✖ _____        _____
Signature of authorized representative of debtor        Printed name

Title _____

---

**18. Signature of attorney**

✖ _____        Date  _____
Signature of attorney for debtor                      MM    / DD / YYYY

_____
Printed name

_____
Firm name

_____
Number        Street

_____
City                          State        ZIP Code

_____
Contact phone                      Email address

_____
Bar number                          State

---

## SCHEDULE 1 TO VOLUNTARY PETITION

## <u>AFFILIATED ENTITIES</u>

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed in this Court a petition for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532.  Contemporaneously with the filings of these petitions, such entities filed a motion requesting joint administration of their chapter 11 cases.

Noranda Aluminum, Inc.
Noranda Aluminum Holding Corporation
Noranda Aluminum Acquisition Corporation
Noranda Intermediate Holding Corporation
Gramercy Alumina Holdings Inc.
Norandal USA, Inc.
Gramercy Alumina Holdings II, Inc.
NHB Capital, LLC
Noranda Bauxite Holdings Ltd.
Noranda Bauxite Ltd.

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>**NORANDA ALUMINA LLC**,<br><br>　　　　　　　Debtor. | **Chapter 11**<br><br>**Case No. 16-_____(___)**<br><br>**(Joint Administration Requested)** |

## SCHEDULE 2 TO VOLUNTARY PETITION

In response to question 12 of the petition, the above-captioned debtor (the "Debtor") does not believe it owns or possesses any real or personal property that needs immediate attention outside of the ordinary course of operations pursuant to the Debtor's existing environmental permits.

In addition, the Debtor does not believe it owns or possesses any real or person property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety. The Debtor or certain of its affiliated entities filing petitions herewith (collectively, the "Debtors") have used, or are currently using caustic materials and other hazardous substances in the ordinary course of business at certain real property owned or possessed by the Debtors.  The Debtors are required by government regulation to maintain such substances in ways that protect public health and safety.  Thus, the Debtors do not believe that this real property poses a "threat of imminent and identifiable hazard to the public health or safety."  The Debtor notes that it is not aware of any definition of "imminent and identifiable hazard" as used in this form.

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | |
|---|---|
| In re: | **Chapter 11** |
| **NORANDA ALUMINA LLC**, | **Case No. 16-_____(___)** |
| Debtor. | **(Joint Administration Requested)** |

## LIST OF CREDITORS HOLDING 30 LARGEST UNSECURED CLAIMS

The following is a list of creditors holding the thirty (30) largest general unsecured claims against Noranda Aluminum, Inc. and its subsidiaries and affiliates that have filed voluntary petitions for relief under title 11 of the United States Code in the United States Bankruptcy Court for the Eastern District of Missouri on the date hereof (collectively, the "Debtors") [1], on a consolidated basis.  This list has been prepared from the Debtors' books and records.

This list is prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure for filing in this chapter 11 case.  The list does not include (a) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101(31) or (b) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the largest general unsecured claims.

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number and state of incorporation, are:  Noranda Aluminum, Inc. (Del.; 5285), Gramercy Alumina Holdings Inc. (Del.; 1941), Gramercy Alumina Holdings II, Inc. (Del.; 2806), NHB Capital, LLC (Del.; 0777), Noranda Alumina LLC (Del.; 4769), Noranda Aluminum Acquisition Corp. (Del.; 8458), Noranda Aluminum Holding Corp. (Del.; 8550), Noranda Bauxite Ltd. (Jamaica), Noranda Bauxite Holdings Ltd. (St. Lucia), Noranda Intermediate Holding Corp. (Del.; 3238) and Norandal USA, Inc. (Del.; 6477).  The address of the Debtors' corporate headquarters is 801 Crescent Centre Drive, Suite 600, Franklin, Tennessee 37067.

This list reflects the information existing and available as of January 31, 2016. The Debtor reserves the right to amend this list based on information existing as of the filing date.

The information presented herein, including the Debtor's failure to list any claim as contingent, unliquidated or unknown, does not constitute an admission of liability or waiver of the Debtor's right to contest the validity, priority or amount of any claim.

---

**Fill in this information to identify the case:**

Debtor Name    Noranda Alumina LLC

United States Bankruptcy Court for the:    Eastern    District of    Missouri
(State)

Case number (if known):

☐ Check if this is an
amended filing

---

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral | Unsecured claim |
| 1 U.S. BANK NATIONAL ASSOCIATION U.S. BANK GLOBAL CORPORATE TRUST SERVICES 100 WALL STREET - SUITE 1600 NEW YORK, NY 10005 | Name: K. WENDY KUMAR Phone: 212-361-2535 Fax: 212-361-6153 Email: wendy.kumar@usbank.com | 11% Senior Unsecured Notes | | | | $175,000,000.00 |
| 2 SURELA INVESTMENTS LTD. C/O AVIVA STEWART 50 BERKELEY STREET LONDON, W1J 8HD ENGLAND UNITED KINGDOM | Name: DANIEL GOLDBERG Email: daniel.goldberg@glencore.com | Loan | | | | $16,875,000.00 |
| 3 PETROCOQUE S.A. RODOVIA CÔNEGO DOMENICO RANGONI, KM 267,5 ZONA INDUSTRIAL CUBATÃO, SP 11573-000 | Name: RODOVIA CÔNEGO Phone: (55)(13) 3362-0200 Fax: 55-13-3361-2056 Email: petrocoque@petrocoque.com.br | Trade Payable | | | | $6,031,172.50 |
| 4 UNIVERSITY AND ALLIED WORKERS UNION 50 LADY MUSGRAVE ROAD KINGSTON 10 JAMAICA | Name: MR. LAMBERT BROWN, PRESIDENT Phone: 876-995-4662 Fax: 876-927-9931 Email: labpoyh@yahoo.com | Litigation Settlement | | | | $2,856,865.60 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral | Unsecured claim |
| 5 RAIN CII CARBON, LLC ATTN: PRESIDENT AND GENERAL COUNSEL TEN SIGNAL ROAD 2ND FLOOR STAMFORD, CT 06902 | Name: PRESIDENT OR GENERAL COUNSEL Phone: 203-406-0535 Fax: 203-316-0384 Email: info@raincii.com | Trade Payable | Contingent | | | $2,235,494.83 |
| 6 ARTISAN CONTRACTING, LLC. ATTN: LARRY E. FRANKUM, PRESIDENT 160 SOUTH BROADVIEW, THIRD FLOOR CAPE GIRARDEAU, MO 63703 | Name: LARRY E. FRANKUM, PRESIDENT Phone: 573-339-1103 Fax: 573-339-0169 Email: lef@artisan-contracting.com | Trade Payable | Contingent | | | $2,156,575.81 |
| 7 MAX TRANS L.L.C. ATTN: PRESIDENT OR GENERAL COUNSEL 219 W HWY 45 HUMBOLDT, TN 38343 | Name: PRESIDENT OR GENERAL COUNSEL Phone: 731-784-1650 Fax: 731-784-9829 Email: maxtransapplication@gmail.com; info@maxtrans.info | Trade Payable | Contingent | | | $1,688,798.34 |
| 8 KOSTMAYER CONSTRUCTION, LLC ATTN: PRESIDENT AND GENERAL COUNSEL 1080 OLD SPANISH TRAIL SUITE #14 SLIDELL, LA 70458 | Name: PRESIDENT OR GENERAL COUNSEL Phone: 504-837-3320 Fax: 504-837-8878 Email: info@kostmayer.com | Trade Payable | Contingent | | | $1,609,762.00 |
| 9 MOTION INDUSTRIES, INC. ATTN: PRESIDENT OR GENERAL COUNSEL 1605 ALTON RD. BIRMINGHAM, AL 35210 | Name: PRESIDENT OR GENERAL COUNSEL Phone: 205-956-1122 Fax: 205-951-1172 Email: connie.mcelroy@motion-ind.com | Trade Payable | | | | $1,269,707.45 |
| 10 MID-SHIP GROUP LLC ATTN: PRESIDENT OR GENERAL COUNSEL 145 MAIN STREET PORT WASHINGTON, NY 11050 | Name: PRESIDENT OR GENERAL COUNSEL Phone: 516-944-3500 Fax: 516-944-6178 Email: contactus@midship.com | Trade Payable | Contingent | | | $1,130,603.01 |
| 11 ASSOCIATED TERMINALS, LLC ATTN: TODD FULLER, PRESIDENT 9100 SAFETY DRIVE COVENT, LA 70723 | Name: TODD FULLER, PRESIDENT Phone: 225-399-3010 Fax: 225-399-3011 Email: todd@associatedterminals.com | Trade Payable | Contingent | | | $1,030,668.05 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral | Unsecured claim |
| 12 | MEXICHEM FLUOR COMERCIAL, S.A. DE C.V.ATTN: PRESIDENT AND GENERAL COUNSELCARRETERA A REYNOSA KIM4.5 S/NEJIDO LAS RUSIASMATAMOROS, TM 87560 | Name: PRESIDENT OR GENERAL COUNSELPhone: 52-868-811-1000Fax: 52-868-811-1080Email: info@mexichem.com | Trade Payable | | | | $1,011,623.32 |
| 13 | MECHATHERM ATTN: PRESIDENT AND GENERAL COUNSEL HAMPSHIRE HOUSE HIGH STREET KINGSWINFORD DY6 8AW | Name: PRESIDENT OR GENERAL COUNSEL Phone: 44 (0)1384 279 132 Fax: 44 (0)1384 291 211 Email: sales@mechatherm.co.uk | Trade Payable | Contingent | | | $805,921.00 |
| 14 | REMEDIAL CONSTRUCTION SERVICES L.P. ATTN: JERRY O. MASON, PRESIDENT AND CEO 9977 W. SAM HOUSTON PARKWAY N. SUITE 100 HOUSTON, TX 77064-7509 | Name: JERRY O. MASON, PRESIDENT AND CEO Phone: 281-955-2442 Fax: 281-890-5172 | Trade Payable | Contingent | | | $742,692.22 |
| 15 | KOPPERS INDUSTRIES, INC. ATTN: MARKUS G. SPIESS 436 SEVENTH AVENUE PITTSBURGH, PA 15219-1800 | Name: MARKUS G. SPIESS Phone: 412-227-2001 Fax: 412-227-2202 Email: SpiessMG@koppers.com | Trade Payable | | | | $716,700.35 |
| 16 | PROGRESSIVE ROOFING 23 NORTH 35TH AVENUE PHOENIX, AZ 85009 | Name: MICHELLE FARRELL Phone: 602-278-4900 Fax: 602-278-6896 Email: michelle.farrell@progressiveus.com | Trade Payable | | | | $714,955.04 |
| 17 | CARMEUSE LIME SALES CORPORATION ATTN: KEVIN WHYTE VP, SAFETY, ENVIRONMENTAL AND LEGAL 11 STANWIX STREET 21ST FLOOR PITTSBURGH, PA 15222 | Name: KEVIN WHYTE Phone: 412-995-5500 Fax: 415-995-5570 Email: kwhyte@carmeusena.com | Trade Payable | Contingent | | | $641,724.47 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral | Unsecured claim |
| 18 DMI CONTRACTORS, INC ATTN: PRESIDENT OR GENERAL COUNSEL 16942 OLD HAMMOND HIGHWAY BATON ROUGE, LA 70816 | Name: PRESIDENT OR GENERAL COUNSEL Phone: 225-272-1420 Fax: 225-272-1406 Email: dmioffice@dmicontractors.com | Trade Payable | Contingent | | | $597,102.23 |
| 19 OCCIDENTAL CHEMICAL CORPORATION ATTN: PRESIDENT OR GENERAL COUNSEL 5005 LBJ FREEWAY DALLAS, TX 75380-9050 | Name: PRESIDENT OR GENERAL COUNSEL Phone: 972-404-3800 Fax: 972-448-6631 Email: linda_peterson@oxy.com | Trade Payable | Contingent | | | $552,027.79 |
| 20 EIU, INC. ELECTRICAL & INSTRUMENTATION UNLIMITED 204 S BERNARD RD BROUSSARD, LA 70518 | Name: PRESIDENT OR GENERAL COUNSEL Phone: 337-837-9172 Fax: 337-837-4022 Email: eiu@eiuinc.com | Trade Payable | | | | $550,000.00 |
| 21 BOH BROS. CONSTRUCTION CO., L.L.C. ATTN: ED SCHEUERMANN, P.E. 730 SOUTH TONTI STREET NEW ORLEANS, LA 70119 | Name: ED SCHEUERMANN, P.E. Phone: 504-821-2400 Fax: 504-821-0714 Email: escheuermann@bohbros.com | Trade Payable | | | | $519,176.25 |
| 22 NALCO COMPANYATTN: STEPHEN N. LANDSMAN, ESQ.1601 W. DIEHL RD.NAPERVILLE, IL 60563-1198 | Name: STEPHEN N. LANDSMAN, ESQ.Phone: 630-305-1000Fax: 630-305-2900 | Trade Payable | Contingent | | | $480,618.60 |
| 23 HDR INC. ATTN: JODY DEBS 8404 INDIAN HILLS DRIVE OMAHA, NE 68114-4098 | Name: JODY DEBS Phone: 402-399-1000 Fax: 402-548-5015 Email: jody.debs@hdrinc.com | Trade Payable | | | | $443,623.86 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral | Unsecured claim |
| 24 | STEWARD STEEL ATTN: FRED STEWARD, JR., CEO 1219 EAST US HIGHWAY 62 P.O. BOX 551 SIKESTON, MO 63801 | Name: FRED STEWARD, JR., CEO Phone: 573-472-2121 Fax: 573-471-4070 | Trade Payable | | | | $435,745.39 |
| 25 | NISSAN LIFT TRUCKS ATTN: PRESIDENT AND GENERAL COUNSEL NISSAN NORTH AMERICA, INC. 1 NISSAN WAY FRANKLIN, TN 37067 | Name: PRESIDENT OR GENERAL COUNSEL Phone: 615-725-1000 Fax: 615-725-3343 | Trade Payable | Contingent | | | $377,340.46 |
| 26 | ARAMARK ATTN: STEVE REYNOLDS ARAMARK TOWER 1101 MARKET STREET PHILADELPHIA, PA 19107 | Name: STEVE REYNOLDS Phone: 215-238-3000 Fax: 800-999-8989 | Trade Payable | Contingent | | | $340,891.69 |
| 27 | VECTA ENVIRONMENTAL SERVICES, LLC ATTN: KENNY ROUSE 3122 S. RUBY STREET GONZALES , LA 70737 | Name: KENNY ROUSE Phone: 225-644-1581 Fax: 225-644-1583 Email: KROUSE@VECTAENVIRONMENTAL.COM | Trade Payable | | | | $333,586.84 |
| 28 | CCC GROUP, INC ATTN: EDNA A. MARTINEZ 5797 DIETRICH ROAD SAN ANTONIO, TX 78219 | Name: EDNA A. MARTINEZ Phone: 210-661-4251 Fax: 210-661-6060 Email: ednam@cccgroupinc.com | Trade Payable | Contingent | | | $322,589.75 |
| 29 | AMERICAN RIVER TRANSPORTATION ATTN: JENNIFER MARSHALL, GENERAL COUNSEL 4666 FARIES PARKWAY DECATUR, IL 62526-5630 | Name: JENNIFER MARSHALL, GENERAL COUNSEL Phone: 217-424-5200 Fax: 217-424-7233 Email: jmarshall@americanrivers.org | Trade Payable | Contingent, Unliquidated | | | Undetermined |
| 30 | DONJON MARINE CO. INC. 100 CENTRAL AVE HILLSIDE, NJ 07205 | Name: PRESIDENT OR GENERAL COUNSEL Phone: 908-964-8812 Fax: 908-964-7426 Email: info@donjon.com | Litigation | Contingent, Unliquidated, Disputed | | | Undetermined |

**Fill in this information to identify the case:**

Debtor Name ___Noranda Alumina LLC___

United States Bankruptcy Court for the: ___Eastern___ District of ___Missouri___
(State)

Case number (if known): _____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct.

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ *Amended Schedule* ____

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ *Other document that requires a declaration* _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___02/08/2016___
MM / DD / YYYY

✗ /s/ Dale W. Boyles
Signature of individual signing on behalf of debtor

Dale W. Boyles
Printed name

Chief Financial Officer
Position or relationship to debtor

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>**NORANDA ALUMINA LLC**,<br><br>      Debtor. | **Chapter 11**<br><br>**Case No. 16-_____(___)**<br><br>**(Joint Administration Requested)** |

**CORPORATE OWNERSHIP STATEMENT**
**PURSUANT TO RULES 1007(a)(1) AND 7007.1 OF**
**THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy

Procedure, Noranda Alumina LLC (the "Company") hereby states that the following

corporations directly or indirectly hold 10% or more of the equity interests in the Company:

- Gramercy Alumina Holdings Inc. (50% ownership interest)

- Gramercy Alumina Holdings II, Inc. (50% ownership interest).

**Fill in this information to identify the case:**

Debtor Name _Noranda Alumina LLC_

United States Bankruptcy Court for the: _Eastern_    District of _Missouri_
                                                                        (State)

Case number (if known): _____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐    *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐    *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐    *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐    *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐    *Schedule H: Codebtors* (Official Form 206H)

☐    *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐    *Amended Schedule* ____

☐    *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒    *Other document that requires a declaration*    Corporate Ownership Statement

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   _02/08/2016_     ✘ _/s/ Dale W. Boyles_
             MM / DD / YYYY             Signature of individual signing on behalf of debtor

                                            Dale W. Boyles
                                              Printed name

                                            Chief Financial Officer
                                              Position or relationship to debtor

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

In re:

**NORANDA ALUMINA LLC**,

                    Debtor.

Chapter 11

**Case No. 16-_____(___)**

**(Joint Administration Requested)**

<u>**VERIFICATION OF CREDITOR MATRIX**</u>

       The above-captioned debtor hereby certifies under penalty of perjury that the list containing the names and addresses of the creditors (the "<u>Matrix</u>") is true, correct and complete to the best of my knowledge, information and belief.  The Matrix is being uploaded into the Court's ECF creditors' database.

Dated: February 8, 2016
      Franklin, Tennessee

NORANDA ALUMINA LLC

 /s/ Dale W. Boyles **_____**
Dale W. Boyles
Chief Financial Officer

## UNANIMOUS WRITTEN CONSENT OF THE MEMBERS AND MANAGERS
## OF NORANDA ALUMINA LLC

February 7, 2016

The undersigned, being the Members and Managers (collectively, the "Governing Body") of Noranda Alumina LLC (the "Company"), a Delaware limited liability company, do hereby consent to and adopt pursuant to the Amended and Restated Limited Liability Company Agreement of the Company and the laws of the State of Delaware the following resolutions:

WHEREAS, the Governing Body has reviewed and considered the financial and operational condition of the Company and its affiliates (each an "Affiliate" and, collectively with the Company, the "Group"), including the historical performance of the Group, the assets of the Group, the current and long-term liabilities of the Group, and the aluminum industry and credit market conditions, and has considered various alternatives in respect of these matters;

WHEREAS, the Governing Body has received, reviewed and considered the recommendations of, and the materials presented by, the senior management of the Company and the Company's legal, financial and other advisors as to the relative risks and benefits of pursuing a case under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

WHEREAS, the Governing Body has reviewed and considered the Company's need for financing in connection with a chapter 11 case under the Bankruptcy Code, and has determined that it is in the best interests of the Company, its creditors, employees, equityholders and other interested parties, for the Company and certain of its affiliates to enter into the DIP Credit Agreements (as defined below) and one or more related agreements and amendments thereto with the financial institutions from time to time party thereto, pursuant to which the Company and its Subsidiaries will obtain post-petition debtor-in-possession financing to fund their chapter 11 cases and grant the first priority priming liens required thereby; and

NOW, THEREFORE, BE IT RESOLVED that, in the judgment of the Governing Body, it is desirable and in the best interests of the Company, its creditors, employees, equityholders and other interested parties, that the Company and certain of its Affiliates each file a voluntary petition for relief (the "Petition") and commence a case (the "Chapter 11 Case") under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Missouri (the "Bankruptcy Court"); and it is further

RESOLVED, that the President, Chief Operating Officer, Chief Financial Officer, Chief Restructuring Officer, Treasurer, Secretary and Assistant Secretaries of the Company (collectively, the "Designated Officers") be and each of them, acting alone, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company (i) to execute and verify the Petition as well as all other ancillary documents,

and to cause the Petition to be filed with the Bankruptcy Court, and to make or cause to be made prior to the execution thereof any modifications to the Petition or ancillary documents, and (ii) to execute, verify and file or cause to be filed all of the petitions, schedules, lists, motions, applications and other papers or documents necessary or desirable in connection with the foregoing; and it is further

RESOLVED that the law firm of Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul Weiss") be, and hereby is, retained as counsel to the Company in the Company's Chapter 11 Case to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights, including the preparation of pleadings and filings in the Chapter 11 Case; and in connection therewith, the Designated Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to the filing of the Chapter 11 Case, and to cause to be filed an appropriate application for authority to retain the services of Paul Weiss; and it is further

RESOLVED, that the law firm of Carmody MacDonald P.C. ("Carmody"), be, and hereby is, retained as local counsel to the Company in the Company's Chapter 11 Case; and in connection therewith, the Designated Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to the filing of the Petition, and to cause to be filed an appropriate application for authority to retain the services of Carmody; and it is further

RESOLVED, that PJT Partners, LP ("PJT Partners") be, and hereby is, retained as investment banker for the Company in connection with the Company's Chapter 11 Case; and in connection therewith, the Designated Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to the filing of the Petition, and to cause to be filed an appropriate application for authority to retain the services of PJT Partners; and it is further

RESOLVED, that Alvarez & Marsal North America, LLC ("A&M") be, and hereby is, retained to provide the Company with a Chief Restructuring Officer (the "CRO"), who shall be Robert M. Caruso, along with additional personnel to support the CRO and the Company in connection with the Company's Chapter 11 Case; and in connection therewith, the Designated Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to the filing of the Petition, and to cause to be filed an appropriate application for authority to retain the services of A&M; and it is further

RESOLVED, that Prime Clerk ("Prime Clerk") be, and hereby is, retained to serve as the notice, claims, solicitation and balloting agent in connection with the Company's Chapter 11 Case; and in connection therewith, the Designated Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to the filing of the Petition, and to cause to be filed an appropriate application for authority to retain the services of Prime Clerk; and it is further

2

RESOLVED that each Designated Officer be, and each of them individually hereby is, authorized and directed to employ any other individual and/or firm as professionals or consultants or financial advisors to the Company as are deemed necessary to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and in connection therewith, the Designated Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to the filing of the Petition, and to cause to be filed appropriate applications for authority to retain the services of such firms; and it is further

## DIP Credit Agreement

RESOLVED, that the Company be, and it hereby is, authorized to enter into, in the name and on behalf of the Company, definitive credit agreement(s) (the "DIP Credit Agreements") to obtain financing in the form of (i) a superpriority senior secured revolving debtor-in-possession credit facility in an aggregate principal amount of up to $130 million (the "DIP ABL Facility") and (ii) a superpriority senior secured term loan debtor-in-possession credit facility in an aggregate principal amount of up to $35 million (the "DIP Term Loan Facility", and collectively with the DIP ABL Facility, the "DIP Facilities"), which DIP Facilities shall bear such interest, require the payment of such fees and have such other terms and conditions and be in such form as are approved or deemed necessary, appropriate or desirable by the Designated Officer executing the same, the execution thereof by such officer to be conclusive evidence of such approval and determination; and it is further

RESOLVED, that the Company be, and it hereby is, authorized to secure the payment and performance of the obligations under the DIP Credit Agreements (the "DIP Obligations") by (i) pledging to the agent(s) or lender(s) under the DIP Credit Agreements or granting to agent(s) or lender(s) under the DIP Credit Agreements a lien or mortgage on or security interest in, all or any portion of the Company's property or interests in property as set forth in the DIP Credit Agreements or any other agreements or documents related thereto (as defined below) and (ii) entering into such security agreements, pledge agreements, intercreditor agreements, mortgages, control agreements, and other agreements as are necessary, appropriate or desirable to effectuate the intent of, or matters reasonably contemplated or implied by, this resolution in such form and having such terms and conditions as are approved or deemed necessary, appropriate or desirable by the Designated Officer executing the same (collectively, the "Security Agreements"), the execution thereof by such officer to be conclusive evidence of such approval or determination; and it is further

RESOLVED, that each Designated Officer be, and each of them individually hereby is, authorized, in the name and on behalf of the Company, to execute and deliver the DIP Credit Agreements, the Security Agreements, and any other agreements or amendments related thereto or required thereby, including any intercreditor agreement, containing such terms and conditions, setting forth such rights and obligations and otherwise addressing or dealing with such subjects or matters determined to be necessary, appropriate or desirable by the Designated Officer executing the same, the execution thereof by such officer to be conclusive evidence of such determination, and to do all

such other acts or deeds as are or as are deemed by such officer to be necessary, appropriate or desirable to effectuate the intent of, or matters reasonably contemplated or implied by, this resolution and the foregoing resolutions; and it is further

**General**

RESOLVED, that each Designated Officer be, and each of them individually hereby is, authorized, directed and empowered from time to time in the name and on behalf of the Company, to (a) take such further actions and execute and deliver such certificates, instruments, guaranties, notices and documents as may be required or as such officer may deem necessary, advisable or proper to carry out the intent and purpose of the foregoing resolutions, including the execution and delivery of any security agreements, pledges, financing statements and the like, (b) perform the obligations of the Company under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices and documents to be executed and delivered in such form, as the officer performing or executing the same shall approve, and the performance or execution thereof by such officer shall be conclusive evidence of the approval thereof by such officer and by the Company and (c) pay fees and expenses in connection with the transactions contemplated by the foregoing resolutions; and it is further

RESOLVED, that all actions previously taken by any director, officer, employee or agent of the Company in connection with or related to the matters set forth in or reasonably contemplated or implied by the foregoing resolutions be, and each of them hereby is, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Company; and it is further

RESOLVED, that in connection with the transactions contemplated by the preceding resolutions, each Designated Officer be, and each of them individually hereby is, authorized, in the name and on behalf of the Company, to certify these resolutions and any more formal or detailed resolutions as such officer may deem necessary, appropriate or desirable to effectuate the intent of the foregoing resolutions; and that thereupon such resolutions shall be deemed adopted as and for the resolutions of the Governing Body as if set forth at length herein; and it is further

RESOLVED, that all actions heretofore taken by any officer or director of the Company in connection with the foregoing resolutions be, and they hereby are, confirmed, ratified and approved in all respects.

4

**IN WITNESS WHEREOF**, the undersigned has executed and delivered this Written Consent as of the date first above written.

**Members:**

**GRAMERCY ALUMINA HOLDINGS INC.**

By: _/s/ Layle K. Smith_____
      Name: Layle K. Smith
      Title: President

**GRAMERCY ALUMINA HOLDINGS II, INC.**

By: __/s/ Layle K. Smith_____
      Name: Layle K. Smith
      Title: President

**Managers:**

By: __/s/ Layle K. Smith_____
      Name: Layle K. Smith

By: __/s/ Layle K. Smith_____
      Name: Gail E. Lehman

By: _/s/ Dale W. Boyles_____
      Name: Dale W. Boyles

*[Signature Page to Noranda Alumina LLC Resolutions]*